```
                IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 1:20-00066

JEFFREY M. REED

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to continue trial and related deadlines. (ECF No. 59.) For the reasons that follow, the motion is granted in part.

Defendant requests a 60-day continuance so that trial can take place in the Bluefield Division of this court. He states that it would be easier for him to travel to Bluefield than to Charleston to attend trial, and he would prefer to face a jury empaneled from residents within the Bluefield Division.

As to travel, defendant states that daily travel to Charleston will take approximately 3 times longer than daily travel to Bluefield, leaving less time to confer with counsel during the trial. He also states that he cannot afford to stay over in Charleston for the trial.

As to the jury issue, defendant cites 28 U.S.C. § 1861 in support of his proposition that "as a resident of Mercer County, [he] should be entitled to have a prospective jury panel which would include other residents of Mercer County." (ECF No. 59, at 4.) Section 1861 states (in relevant part) as follows:

> It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.

28 U.S.C. § 1861.

Defendant's argument regarding travel carries some weight because, according to his representations, a trial in Charleston may hinder his ability to put forth a defense.  Accepting his representations as true, he will be traveling for approximately 3 hours per day to attend trial.  More travel time will mean less time to confer with counsel.  It is not the most compelling argument, but it is strong enough that the interests of justice at least slightly favor a Bluefield trial (if possible).

Defendant's argument regarding his entitlement to a jury from the Bluefield division is incorrect.  Defendant identifies no case law interpreting section 1861 to require a jury from the division where the government brings the case.  Section 1861 is part of the Jury Selection and Service Act of 1968.  The Act merely attempts to codify Fifth and Sixth Amendment rights, not add to them.  See United States v. Orange, 364 F. Supp. 2d 1288, 1293 (W.D. Okla. 2005), aff'd, 447 F.3d 792 (10th Cir. 2006).  The Sixth Amendment guarantees defendants "a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed."  U.S. Const. amend. VI

(emphasis added).  There is no constitutional or statutory right to a jury of the <u>division</u> wherein the crime is alleged to have been committed.

While the court has no obligation to furnish a Bluefield Division jury for this case, the interests of justice lean in favor of a modest continuance in hopes that the case can be tried in Bluefield, where it will be most convenient for defendant to mount a defense to the charges against him.

Accordingly, the motion is **GRANTED** in part.  Trial in this case is rescheduled for **July 28, 2021,** at 9:30 a.m. in Bluefield.  Jury instructions and proposed voir dire are to be filed by **July 21, 2021.**[1]

Furthermore, the court **GRANTS** defendant's request for a finding of excludable time under the Speedy Trial Act as found in 18 U.S.C. § 3161.  The court also notes that under General Order #11, "the time period between May 3, 2021 and August 31, 2021 will be excluded under the Speedy Trial Act, as the Court specifically finds for the reasons outlined herein that the ends of justice served by excluding this time period outweigh the best interests of the public and each defendant in a speedy

---

[1] This continuance is less than the 60 days that defendant has requested, but the court hopes it will be sufficient to allow trial to be held in Bluefield.  Given the uncertainty as to the distancing requirements that will then be in effect, however, the court cannot rule out the possibility that the trial will ultimately need to take place in Charleston.

3

trial, pursuant to 18 U.S.C. § 3161(h)(7)(A)." <u>In Re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic</u>, No. 2:20-mc-00052 (ECF No. 16, at 7) (S.D.W. Va. March 15, 2021) (Johnston, C.J.).

    The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

    **IT IS SO ORDERED** this 3rd day of June, 2021.

                                    ENTER:

                                    David A. Faber
                                    Senior United States District Judge