```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

v.                                      CRIMINAL NO. 1:20-00066

**JEFFREY M. REED**

<u>MEMORANDUM OPINION AND ORDER</u>

Jeffrey M. Reed ("Reed" or "defendant") moved for a judgment of acquittal at the close of the government's evidence and the court reserved ruling on the motion. That motion is **DENIED** for the following reasons.

### I.  Background

The two-count superseding indictment charged Reed with retaliating and attempting to retaliate against a federal law enforcement officer by false claim, in violation of 18 U.S.C. § 1521, (Count One), and attempting to interfere with administration of internal revenue laws, in violation of 26 U.S.C. § 7212(a), (Count Two).  This case was tried to a jury on August 24 and 25, 2021.  After the government rested, defendant moved for a judgment of acquittal on both counts.  As to Count One, defendant renewed his earlier argument that the indictment was defective in that it failed to allege an actual IRS employee was a victim of a false lien or encumbrance being filed.  With respect to Count Two, defendant contended that the evidence was insufficient as a matter of law based upon the Supreme Court's

decision in Marinello v. United States, 138 S. Ct. 1101 (2018). The court reserved ruling on the Rule 29 motion. Reed did not offer any evidence. Defendant did not supplement his oral motion with a written submission or make any further argument.

## II. Standard of Review

In evaluating a defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), the court must view the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Accordingly, defendant's conviction must be sustained if, viewed in the light most favorable to the United States, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). In reviewing the sufficiency of the evidence, a court does not weigh the evidence or assess the credibility of witnesses. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). The court "must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993).

"'[S]ubstantial evidence,' in the context of a criminal action, [is] that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion

of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). "The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994); see also United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) ("[T]his court is bound by the credibility choices of the jury.") (internal citations and quotations omitted). Furthermore, "if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." Murphy, 35 F.3d at 148. Therefore, a defendant challenging the sufficiency of the evidence "`must overcome a heavy burden.'" United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015) (quoting United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995)).

> The Court "may not overturn a substantially supported verdict merely because it finds the verdict unpalatable or determines that another, reasonable verdict would be preferable," United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996); instead reversal for insufficiency must "be confined to cases where the prosecution's failure is clear," Burks v. United States, 437 U.S. 1, 17, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978).

Id.

### III. Analysis

Where, as here, a defendant argues that a jury's verdict was based on insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most

favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).

*A. Count One*

Count One of the superseding indictment in this case charged that, on or about May 12, 2015, defendant filed and attempted to file, in a public record, a false lien and encumbrance against the real and personal property of Known Person, knowing and having reason to know such lien and encumbrance was false and contained materially false, fictitious, and fraudulent statements and representations, to wit: that Known Person was a "lien debtor" to defendant and that defendant had a claim against Known Person for $4,950,000, in violation of 18 U.S.C. § 1521.

18 U.S.C. § 1521 provides in relevant part:

> Whoever files, attempts to file, . . . in any public record, . . . any false lien or encumbrance against the real or personal property of an individual described in Section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false and contains materially false, fictitious, or fraudulent statement or representation has committed a crime against the United States.

An individual described under Section 1114 of Title 18 includes "any officer or employee of the United States or of any agency in any branch of the United States Government . . . while such officer or employee is engaged in or on account of the performance of official duties."

4

In order to be found guilty of this offense, the government had to prove that:

1) Defendant filed, or attempted to file, in a public record, a false lien or encumbrance;

2) The lien or encumbrance was filed against the real or personal property of an employee of the United States Government;

3) The lien or encumbrance was filed because of that employee's performance of her official duties; and

4) The defendant knew or had reason to know that such lien or encumbrance was false, or that it contained a materially false statement.

The evidence at trial showed that Reed's case was turned over to the Internal Revenue Service's Abusive Tax Avoidance Transactions ("ATAT") group when earlier efforts to collect unpaid federal taxes were unsuccessful. Officers assigned to collection efforts within ATAT are often subject to harassment. For this reason, in order to protect their identity, the IRS permits these agents to use a pseudonym while performing their duties on behalf of the IRS.

T.L. Blake was a revenue officer with the ATAT group who was assigned to work Reed's collection case. T.L. Blake is a pseudonym for a real person: T.S. In January 2015, T.L. Blake traveled to West Virginia to notify defendant's employer, Holiday Lodge, of the IRS's intent to levy Reed's wages. Reed's employer complied with the wage garnishment. Thereafter, Reed filed

various documents, including liens, against T.L. Blake and the owner of the Holiday Lodge.

Prior to trial, defendant moved to dismiss § 1521 charge, arguing that the indictment failed to charge a crime because T.L. Blake was a not a real federal employee.  According to defendant, the statute does not reach federal employees who use pseudonyms.  Defendant maintained that the IRS's practice of allowing its employees to use pseudonyms eliminated the threat to an individual agent's financial interests that § 1521 was designed to protect.  The court denied the motion to dismiss.

In his Rule 29 motion, Reed argued that the statute does not apply to fictitious persons.  His argument misses the mark, however, because there was a real person involved:  T.S.  T.S. is a federal employee who is covered by the statute.  T.S. merely goes by another name, T.L. Blake, when she is working.  Furthermore, defendant's argument that the use of the pseudonym in and of itself protected T.S.'s financial interests making it unnecessary for her to be covered by the statute was undermined by T.S.'s trial testimony.  T.S. testified regarding difficulties she encountered when attempting to obtain financing for a home.  Because she was required to report all names that she had ever used, she listed the T.L. Blake pseudonym.  And, of course, the lien defendant filed against T.L. Blake showed up.  The fact that T.S. used a pseudonym does not immunize defendant's conduct.

6

The government was not required to prove that Reed was actually successful in filing the lien as the statute expressly contemplates and the indictment charged Reed with <u>attempting</u> to file a false claim against a federal employee.

> Factual impossibility exists "where the objective is proscribed by the criminal law but a factual circumstance unknown to the actor prevents him from bringing it about." <u>United States v. Hamrick</u>, 43 F.3d 877, 885 (4th Cir.1995) (emphases added) (internal quotation marks omitted), <u>cert. denied</u>, 516 U.S. 825 (1995) (mem.). By contrast, legal impossibility is when the defendant's acts, "even if fully carried out as intended, would not constitute a crime." <u>Id.</u>
>
> Courts "routinely reject factual impossibility defenses absent a strong indication of congressional intent to allow them." <u>United States v. Moore</u>, 92 F.3d 1183 (Table), 1996 WL 452423, at *3 (4th Cir.1996).

<u>United States v. Davis</u>, Criminal No. WDQ-13-0002, 2013 WL 4026969, at *4 (D. Md. Aug. 6, 2013). The United States Court of Appeals for the Fourth Circuit has held that factual impossibility is not a defense to an attempt crime. See <u>Hamrick</u>, 43 F.3d at 885.

Although Reed argued that it was legally impossible for him to violate § 1521 because of T.S.'s use of a pseudonym, the court finds his legal impossibility argument is actually a factual impossibility one.[1] In this case, Reed's objective was to file a

---

[1] As the United States Court of Appeals for the Third Circuit noted, "[t]he law of impossible attempts has received much scholarly attention, but remains a murky area of the law. . . . As a result, the great majority of jurisdictions have now recognized that legal and factual impossibility are logically indistinguishable and have abolished impossibility as a defense."

7

false claim against the IRS officer who had garnished his wages. He was only unsuccessful, in part, because he did not know her real name. The "impossibility of completing the crime because the facts were not as the defendant believed is not a defense." United States v. Williams, 553 U.S. 285, 300 (2008); see also United States v. Duran, 96 F.3d 1495, 1508 (D.C. Cir. 1996) (affirming conviction for attempt to assassinate United States President even though defendant was mistaken that man on White House lawn at whom defendant fired was President); United States v. Jabr, Criminal No. 18-0105(PLF), 2019 WL 13110682, at *14 (D.D.C. May 16, 2019) (denying Rule 29 motion to set aside verdict finding defendant guilty of attempting to enter or remain on White House grounds where defendant "mistook the U.S. Treasury Building for the White House — and never actually entered into the White House grounds, an area restricted by statute"). In this case, there was sufficient evidence to support the jury's verdict and the Rule 29 motion as to Count One is without merit.

    B.    *Count Two*

Count Two of the superseding indictment charged that beginning on or about at least January 14, 2015, and continuing through June 30, 2015, the defendant did corruptly endeavor to obstruct and impede the due administration of the internal

---

United States v. Hsu, 155 F.3d 189, 199 (3rd Cir. 1998) (internal citations and quotations omitted).

revenue laws of the United States, that is, the IRS collection and enforcement action. Count Two further alleged that the defendant committed and caused to be committed various acts that had a nexus to the pending or reasonably foreseeable collection and enforcement action of the IRS, all in violation of 26 U.S.C. § 7212(a).

26 U.S.C. § 7212(a) states in relevant part as follows:

> Whoever corruptly . . . endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be [guilty of an offense against the United States].

In Marinello, the Court held that 26 U.S.C. § 7212(a) requires proof of a "'nexus'" between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action." United States v. Marinello, 138 S. Ct. 1101, 1109 (2018). The Court went on to say:

> While we need not here exhaustively itemize the types of administrative conduct that fall within the scope of the statute, that conduct does not include routine, day-to-day work carried out in the ordinary course by the IRS, such as the review of tax returns. . . . Just because a taxpayer knows that the IRS will review her tax return every year does not transform every violation of the Tax Code into an obstruction charge.

Id. at 1110. The Marinello Court was worried that a "broad interpretation" of the statute would lead to unfairness like making a felon out of "a person who pays a babysitter $41 per week in cash without witholding taxes," or "leaves a large cash

9

tip in a restaurant," or "fails to keep donation receipts from every charity to which he or she contributes".  Id. at 1108. Reed argued that the government had not shown the required nexus because there was no evidence that he was the target of an investigation or audit.  According to Reed, the IRS's collection efforts against him would not satisfy Marinello.

The government argued, and the court agrees, that there was sufficient evidence for a jury to conclude the required nexus was present in this case.  The evidence in this case showed that Reed's various acts were committed in an attempt to obstruct and impede the ongoing IRS collection and enforcement action.  The IRS's efforts to collect unpaid taxes from Reed spanned several years.  When those efforts were unsuccessful, Reed's case was turned over to ATAT and assigned to T.S.  T.S. outlined the steps that she took towards collecting Reed's tax debts, including garnishing his wages.  Notwithstanding defendant's efforts to characterize it as such, it was obvious that the collection proceeding against him was not the sort of day-to-day work of the IRS contemplated by Marinello.  See, e.g., United States v. Prelogar, 996 F.3d 526, 533-34 (8th Cir. 2021) (rejecting defendant's argument that IRS's ongoing collection efforts was beyond the scope of Marinello); United States v. Graham, 981 F.3d 1254, 1259-60 (11th Cir. 2020) (holding that "collection action qualified as targeted administrative action" satisfying

10

Marinello); United States v. Scali, 19-912-cr, 820 F. App'x 23, 29 (2d Cir. July 8, 2020) (holding that Marinello error in jury instructions was non-prejudicial where the special verdict form required jury to find defendant committed specified obstructive acts "after becoming aware of a pending IRS proceeding, specifically the IRS's civil collection activities"); United States v. Jackson, No. 19-4306, 796 F. App'x 186, *187 (4th Cir. Mar. 9, 2020) ("Here, the IRS was not simply reviewing Jackson's tax returns.  Instead, it conducted a years-long investigation in an attempt to ascertain the exact amount Jackson owed after she filed fraudulent tax returns for 2006 and 2007.").  For all these reasons, the jury's verdict on Count Two does not run afoul of Marinello.

## IV.  Conclusion

For the foregoing reasons, defendant's motion for judgment of acquittal is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to the Probation Office of this court.

IT IS SO ORDERED this 4th day of April, 2022.

ENTER:

David A. Faber
Senior United States District Judge